IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Homer Kelly** <br> **5005 57th Ave., Apt. B7** <br> **Bladensburg, Maryland 20710** <br><br> **Plaintiff** <br><br> **v.** <br><br> **Barakat, Inc.** <br> **(t/a Global Auto Outlet)** <br> **4608 Saint Barnabas Road** <br> **Temple Hills, Maryland 20748** <br><br> **Amin Kandahari** <br> **8755 Bitterrout Ct.** <br> **Lorton, Virginia 22079** <br><br> **Defendants.** | \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> / | Case No. _____ <br> **JURY TRIAL REQUEST** |

## COMPLAINT

Plaintiff Homer Kelly, by and through undersigned counsel, states a complaint against Defendants Barakat, Inc. (t/a Global Auto Outlet) ("Global Auto") and Amin Kandahari (collectively, "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

### Introduction

1. Plaintiff brings this action for unpaid minimum wages, liquidated damages, and other relief, as provided by the FLSA, 29 U.S.C. § 201 *et seq*., against Defendants, who own and operate Global Auto Outlet located in Temple Hills, Maryland.

2. Plaintiff also seeks unpaid minimum wages, liquidated and statutory damages pursuant to the MWHL and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

## Jurisdiction and Venue

3. This Court has subject matter/original jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because the minimum wage and failure to pay wage claims asserted under the MWHL and MWPCL are related to the FLSA claims, insofar as they rely on the same evidence and are based on the same factual allegations as the FLSA claims, that they form part of the same case or controversy.

5. Venue and personal jurisdiction are proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events and omissions giving rise to the claims in this Complaint occurred in this judicial district.

## Parties

6. Plaintiff was an employee who worked for Defendant Global Auto Outlet.

7. Defendant Global Auto Outlet ("Global Auto") is a trade name registered in the state of Maryland by Amin Kandahari and Medhi Habibi for the business of selling new and used automobiles. Upon information and belief, Defendant Global Auto may be owned in whole or in part by Barakat, Inc.

8. Defendant Global Auto is located at 4608 Saint Barnabas Road, Temple Hills, Maryland 20748.

9. Defendant Amin Kandahari ("Kandahari") owns and operates Defendants Global Auto.

10. At all times material herein, Defendants have employed and continue to employ employees in or about its places of business in the activities of its enterprise and continue to engage in interstate commerce. Said enterprise is a car dealership, which, at all times material herein, has had an annual gross volume of sales made or business done in an amount exceeding $500,000.00. Sales and service employees of the Defendants handle and sell goods, such as automobiles and automobile parts, that have moved across state lines.

11. Accordingly, Plaintiff was employed by Defendant Global Auto, an entity covered by the FLSA's enterprise coverage provisions.

12. Defendant Global Auto also satisfies the coverage provisions of the MWHL.

13. As a covered enterprise, Defendant Global Auto has, at all material times, been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

14. Defendant Kandahari is the President of Defendant Global Auto and, upon information and belief, is also the owner or co-owner of Defendant Global Auto.

15. Defendant Kandahari has complete operational control of Defendant Global Auto. Defendant Kandahari supervises the administration of the business of Defendant Global Auto, including having employees hired or terminated, scheduling of employees, and payments made to employees such as Plaintiff.

16. For example, after Defendants began paying Plaintiff only a portion of his original salary, Defendant Kandahari conditioned payment of the remaining amount owed to Plaintiff on Plaintiff signing a new agreement agreeing to a significant reduction in his original salary.

17. Upon information and belief, Defendant Kandahari maintains custody and control of the business records – such as payroll records – for Defendant Global Auto, and is responsible for maintaining those records.

18. Additionally, for all times material to this case, Defendant Kandahari was, and continues to be, aware of operational issues throughout the business, and is knowledgeable of Defendant Global Auto's past and present employment practices and policies.

19. Upon information and belief, Defendant Kandahari received and continues to receive income from Defendant Global Auto and has been enriched by its failure to properly pay its employees, such as Plaintiff.

20. At all times material herein, Defendant Kandahari has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.  Defendant Kandahari is jointly and individually liable for damages to the Plaintiff, under the FLSA, MWHL, and MWPCL.

21. By failing to properly pay Plaintiff the minimum wage for each hour worked in a statutory workweek, Plaintiff alleges that the Defendants willfully and without any good faith defense, violated the provisions of the FLSA, 29 U.S.C. § 206.

22. By failing to properly pay Plaintiff all wages due upon termination, Plaintiff alleges that the Defendants willfully and without bona fide dispute, violated the provisions of the MWPCL, 3-§ 507.2.

23. Plaintiff may be legally employed in the United States.  As set forth below, Plaintiff seeks unpaid minimum wages in amounts to be determined based on the evidence, as well as liquidated and statutory damages, pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the FLSA, MWHL, and MWCPL.

24. Plaintiff was not exempt from the minimum wage requirements of the FLSA and MWHL.

25. By failing to pay the statutory minimum wage that was due to Plaintiff, Defendants willfully violated very clear and well-established minimum wage provisions of the FLSA. Plaintiff further alleges that the Defendants violated the minimum wage provisions of the

MWHL. In addition to actual sums owed, Plaintiff seeks liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the minimum wages and overtime owed under the MWHL pursuant to the statutory damage provisions of the MWHL and MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

## Factual Allegations

26. Plaintiff H. Kelly was employed by Defendants from or about June 15, 2019 to around January 15, 2020.

27. Plaintiff H. Kelly was scheduled to work six (6) days a week, from 9 am to 8 pm, with no scheduled lunch break.

28. Defendants promised Plaintiff H. Kelly a salary of $7,000.

29. Plaintiff Kelly was promised that he would be paid on the 1st and 15th of each month. On the 1st of the month, he was promised $3,000.00 of his monthly salary. On the 15th of the month, he was promised the remaining $4,000.00 of his monthly salary.

30. For the month of November 2019, however, Defendants paid Plaintiff Kelly only $6,000.00, which was $1,000.00 less than the monthly salary owed to him.

31. For the month of December 2019, he only received $2,000.00 of his monthly salary, which was $5,000.00 less than the monthly salary owed to him.

32. For the month of January 2020, Plaintiff Kelly received *no wages whatsoever*, except for $500.00 which, upon information and belief, was remitted to child support.

33. Indeed, Plaintiff Kelly was told directly by Defendant Kandahari that his pay would be withheld unless he signed an agreement that would cut his pay to $3,000.00 per month.

34. Defendants thus failed to pay Plaintiff Kelly the minimum wage for all workweeks. A

mere $2,000.00 for December 2019 or $500 for January 2020 (upon information and belief), does not comply with minimum wage requirements where a single week of work involved sixty-six (66) hours per week. Plaintiff Kelly did not receive at least the minimum wage for his work for significant numbers of his work weeks during his term of employment.

35. Due to the Defendants failure to pay for all hours worked, Defendants did not pay Plaintiff an hourly rate of at least $7.25/hour.

36. As a result, Defendants owe Plaintiff an amount equal to at least $7.25/hour multiplied by the number of hours of actually worked, under the FLSA, and $10.10/hour for work performed prior to January 1, 2020, and $11.00/hour for worked performed from January 1, 2020 to the end of his employment, multiplied by the number of hours actually worked, under the MWHL.

37. Additionally, Defendants' attempts to retroactively alter Plaintiff's salary as a condition of full payment of what was owed to him is a violation of Md. Code § 3-504(3), because Defendants did not notify him of any change to his wages at least 1 pay period in advance.

38. Moreover, beginning around the fall of 2019, Defendants were routinely late by an average of three (3) to four (4) days on their payments to Plaintiff Kelly.

39. Accordingly, the Defendants did not maintain a monthly pay plan which guaranteed compliance with minimum wage laws because Plaintiff was not paid regularly on a weekly, bi-monthly, or monthly basis. Defendants therefore owe Plaintiff Kelly all wages promised and owed to him, and at least the minimum wage for all hours worked for each statutory workweek.

40. By unlawfully withholding wages rightfully earned, Defendants have violated the MWPCL by failing to pay all wages owed in a timely manner.

41. All of Plaintiff's efforts to get the Defendants to properly pay his wages have gone unanswered or ignored. There is no bona fide dispute that the Defendants owe wages and

commissions to the Plaintiff.

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)

42. Plaintiff incorporates paragraphs 1-41 as set forth above, and states that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times willfully failed to pay and otherwise refused to compensate Plaintiff the proper minimum wage rate in a timely manner, by refusing and failing to pay Plaintiff for all hours actually worked, as required by Federal law and Federal regulations, and that Plaintiff was entitled to receive from Defendants.

43. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by 29 U.S.C. § 206.

### COUNT II
### (MWHL - Failure to Pay Minimum Wage)

44. Plaintiff incorporate paragraphs 1-43 as set forth above, and states that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE Art. § 3-413 (minimum wage), because Defendants have at all material times willfully failed to pay and otherwise refused to compensate Plaintiff the proper minimum wage rate in a timely manner, by refusing and failing to pay Plaintiff for all hours actually worked, as required by Maryland law and Maryland regulations, and that Plaintiff was entitled to receive from Defendants,

45. As a result, Plaintiff has the legal right to receive the full minimum wage, as required by Md. Ann. Code LE Art. § 3-413.

### COUNT III
### (MWPCL Act – Unpaid Wages)

46. Plaintiff incorporates paragraphs 1-45 as set forth above, and states that the actions of

Defendants, in refusing to pay wages free and clear that are due without coercion and intimidation, is a violation of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505.

47. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages as applicable under the MWHL.

48. That impliedly, by operation of law, Plaintiff was entitled to be paid statutory minimum wages by Defendants under the MWHL, which have not been paid following the cessation of Plaintiff's term of employment.

49. That there are no bona fide disputes between the parties as to the right of Plaintiff to be paid all lawful wages due arising from their employment. Defendants know, or should know, that they are covered entities under the MWHL, and that Plaintiff performed work as an employee for which he was not properly compensated.

50. Plaintiff is thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated wages that have gone unpaid.

**Prayer**

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorneys' fees and costs; and in support thereof, request this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiff all unpaid minimum wage payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiff, pursuant to the FLSA;

(b) Order Defendants to pay Plaintiff an amount equal to triple the amount of unpaid minimum wages owed Plaintiff under the MWHL, after an accounting has been performed, as Plaintiff is entitled to such damages under the MWPCL;

(c) Award Plaintiff his attorneys' fees and costs in pursuing this action;

(d) Award Plaintiff interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(e) Grant Plaintiff any additional relief that the Court deems appropriate and just.

Respectfully submitted,

*/s/ Howard B. Hoffman*
Howard B. Hoffman, Esq.
Federal Bar No. 25965
Jordan S. Liew
Federal Bar No. 20509
HOFFMAN EMPLOYMENT LAW, LLC
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

*Attorneys for Plaintiff*

*/s/ (with permission)*
Bradford W. Warbasse
Federal Bar No. 07304
ATTORNEY AT LAW
P.O. Box 1284
Brooklandville, Maryland 21022
(443) 862-0062

*Attorney for Plaintiff*

## Jury Demand

Plaintiff, by and through his attorneys, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman